UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CHASTIDI CORREA,
an individual,

    Plaintiff,

vs.                                       CASE NO.:

101 LIQUOR AND WINE
CENTER CORP.,
a Florida Corporation,

    Defendant.
_____/

**COMPLAINT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff, CHASTIDI CORREA, by and through her undersigned counsel, hereby files this Complaint and sues 101 LIQUOR AND WINE CENTER CORP., a Florida Corporation, for injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

**JURISDICTION AND PARTIES**

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and Rule 3.1, Local Rules of the United States District Court for the Southern District of Florida.

3.    Plaintiff, CHASTIDI CORREA, (hereinafter referred to as "Ms. Correa") is a resident of the state of Florida in Broward County.

1

4. Plaintiff is a qualified individual with a disability under the ADA. Plaintiff was severely injured in a workplace accident in 2012 affecting her lower back and elbow. As a result, she is permanently disabled.

5. Due to her disability, Plaintiff is substantially impaired in several major life activities including walking and standing and utilizes a walker for mobility.[1]

6. Defendant, 101 LIQUOR AND WINE CENTER CORP., (hereinafter referred to as "Defendant") is a Florida Corporation registered to do business in the State of Florida. Upon information and belief, Defendant is the owner of the real property and improvements, a liquor store, which is the subject of this action, to wit: generally located at 617 E. Oakland Park Blvd., Oakland Park, FL 33334 (the "Property").[2] Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the Southern District of Florida, Broward County, Florida.

## COUNT I - VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT

---

[1] Plaintiff is capable of walking short distances without assistance on good days.

[2] This Property was previously sued in 2005 and 2015 for ADA barriers to access. *See Access for Disabled, et al v. McDonald, et al*, Case No. 05-60724-CIV-HURLEY and *Spence v. 101 Liquor and Wine Center Corp. et al.* Case No. 15-61480-CIV-ZLOCH. However, in 2005, the Property was under different ownership and the tenant was a mattress store. In the 2015 litigation, although the Property was operated by the same entity as in the instant case, the plaintiff was different. Furthermore, despite these previous lawsuits, the Property remains inaccessible to the disabled including the Plaintiff in this action. Prior to filing this action, the undersigned made diligent efforts to obtain a copy of both prior settlement agreements by contacting counsel for the previous plaintiffs. However, previous counsel from the 2015 matter stated that said agreement is confidential and cannot be disclosed. Previous counsel from the 2005 matter stated that the agreement could not be located and that one of the plaintiff's involved in that case had passed away several years ago.

2

8. Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9. The Property, a retail liquor and wine store, is a place of public accommodation subject to the ADA.

10. Plaintiff has visited the Property discussed herein several times over the last year, and plans to visit again in the near future.

11. During her most recent visit in mid-December 2020, Plaintiff encountered serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint. Moreover, but for the inaccessible condition of the Property, Plaintiff would visit the Property more often.

12. Due to the barriers, Plaintiff has been unable to, and continues to be unable to, enjoy full and equal access to goods and services offered at the Property, owned, leased, and/or operated by Defendant.

13. Plaintiff desires to visit the Property but fears that she will be subjected to the same architectural barriers which remain at the Property in violation of the ADA.

14. Defendant is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.304 *et seq*. and is discriminating against Plaintiff due to, but not limited to, the following barriers to access which Plaintiff personally encountered and which hindered her access:

   A. Plaintiff encountered a shortage of disable use parking spaces in the parking lot. More specifically, the lot includes more than 25 parking spaces and requires at least two (2) disabled use parking spaces. However, the parking lot does not include any fully accessible disabled use parking spaces.

B.  Specifically, Plaintiff encountered that the parking spaces designated for disabled use are obstructed by a built-up curb ramp which improperly protrudes into their access aisle, causing slopes well in excess of 1:48 and is a dangerous tripping hazard.

C.  Plaintiff encountered inaccessible ramps at the front and rear of the Property due to pavement in disrepair and excessive slopes. Additionally, as noted above, one of the ramps improperly protrudes into the disabled use parking spaces/access aisle.

D.  Plaintiff encountered that the payment counter located inside the premises is too high (above 36 inches) to conduct transactions comfortably and aisles are typically cluttered with merchandise causing Plaintiff difficulty maneuvering throughout the store and paying for goods.

15.  To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16.  Independent of her intent to return as a patron, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17.  Removal of the barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplishable without placing an undue burden on Defendant.

18.  Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

A. That this Court declares that the Property owned, leased, and/or operated by Defendant is in violation of the ADA;

B. That this Court enter an Order directing Defendant to alter its Property to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

C. That this Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to Plaintiff; and

E. That this Court awards such other and further relief as it deems necessary, just and proper.

Date: January 4, 2021

Respectfully Submitted,

KU & MUSSMAN, P.A.
18501 Pines Blvd, Suite 209-A
Pembroke Pines, Florida 33029
Tel: (305) 891-1322

Fax: (954) 686-3976
louis@kumussman.com


By: */s/ Louis I. Mussman*
Louis I. Mussman, Esq.
(FL Bar #: 597155)
Brian T. Ku, Esq.
(FL Bar # 610461)